PER CURIAM.
Appellant shipped frozen citrus concentrate to a customer via appellee common carrier. Negligence of a connecting carrier caused the frozen concentrate to partially thaw thus making it unmarketable. Through a long-standing agreement between the shipper and the carrier, the product was returned to the shipper for the purpose of being restored to its original degree of marketability. The appellant was fully compensated by the carrier for the expense incurred in this procedure.
However, the appellant claimed other damages. Promptly upon receiving notice that the shipment of frozen concentrate had partially thawed, and without waiting to reprocess the damaged product, appellant forwarded to its customer a new shipment of concentrate to fill the order. A price protection policy existed between the appellant shipper and its customer by virtue of which the customer was entitled to any decrease in market price occurring within a set number of days following the date of shipment from appellant’s plant. A decrease in market price occurred at a time which was within the protection period following the replacement shipment but beyond the protection period of the original shipment. The appellant was thereby required to accept from its customer $2,779.- *201 00 less than it would have received had the original shipment not been damaged. The carrier refused to indemnify the appellant shipper for this loss, resulting in the instant suit. The trial court, finding that this was a case involving special damages and that the plaintiff shipper had not proved that the defendant carrier had notice or knowledge to charge it with such damages, entered judgment for the defendant.
Without deciding or discussing in any detail several academically interesting questions raised by the parties in their respective briefs concerning the question of whether the shipper’s damages were general or special, and whether a common carrier is required to indemnify a shipper for loss sustained by virtue of a separate marketing agreement of which the carrier is without knowledge, we conclude that the judgment should be affirmed for a rather compelling though unsophisticated reason. The parties entered into a written pretrial stipulation which expressly provided that the issue for the court to decide was the legal sufficiency of notice to the defendant of the price protection policy which the plaintiff utilized in dealing with its customers. The record discloses that the trial was directed to this stipulated issue. The transcript of the trial proceedings supports the court’s factual finding that the plaintiff had not proved that the defendant carrier had knowledge, actual or constructive, of the price protection policy. The parties having stipulated that this issue would determine the outcome and the court’s decision on the issue being clearly sustainable, the judgment should be affirmed. Other questions raised on the appeal, though capably presented by counsel, need not be decided since they relate solely to the court’s factual findings.
Affirmed.
REED and OWEN, JJ., concur.
WALDEN, J., concurs specially.